IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 00-049ML |
| | ) | |
| PABLO MANJARRES | ) | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S LETTER REQUEST TO WAIVE FINE AND ACCRUED INTEREST**

Comes now the United States of America, by and through its Attorneys, Robert Clark Corrente, United States Attorney, and Kenneth P. Madden, Assistant United States Attorney, and objects to Defendant's letter request to waive fine and accrued interest for those reasons stated in the accompanying memorandum.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U.S. Attorney
RI Bar No. 1680
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th of February 2008, I served a copy of the within Government's Objection To Defendant's Letter Request To Waive Fine And Accrued Interest, by ordinary mail, postage prepaid, to:

Pablo Manjarres
Pro Se
Reg. # 57858-198
FCI Safford
P.O. Box 9000
Safford, AZ 85548

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U.S. Attorney
RI Bar No. 1680
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 00-049ML |
| | ) | |
| PABLO MANJARRES | ) | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S LETTER REQUEST TO WAIVE FINE AND ACCRUED INTEREST**

Introduction

On February 7, 2001, Defendant Pablo Manjarres, a/k/a Paul Riend, (Manjarres) was found guilty by a jury of three drug trafficking counts. He was sentenced on May 11, 2001 to 190 months imprisonment, five years supervised release, a $20,000 fine, and a $300 special assessment. The Judgment was affirmed by the First Circuit Court of Appeals on October 11, 2002. United States v. Manjarrez, 306 F.3d 1175 (1st Cir. 2002). In his appeal, Manjarres raised three issues, including the District Court's imposition of the fine. In rejecting the appeal, the First Circuit held that imposition of a fine was not plain error. Manjarres did not file a petition for a writ of certiorari to the United States Supreme Court. He has not filed any petitions for post-conviction relief. He previously filed a letter motion in August 2007 to vacate his fine and accrued interest. The government objected to the relief sought.

Argument

The government is not aware of any procedural vehicle which would allow the Court to grant Manjarres the relief he seeks.

Were the letter treated as a motion made pursuant to 28 U.S.C. § 2255, that section imposes a one-year limitations period. In pertinent part, the statute states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> (1) the date upon which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

The one-year period of limitations bars Manjarres from relief. His appeal was denied on October 11, 2002. The Mandate issued on November 4, 2002. Though Manjarres did not seek the issuance of a writ of certiorari, his one-year period commenced on February 2, 2003. His current letter was not mailed until January 17, 2008. The one-year period has long since expired, and Manjarres does not allege any facts which might fall within one or more of the four exceptions. Further, Manjarres raised the issue of his indigency and the imposition of the fine in the First Circuit. The Court of Appeals found no plain error. Manjarres cannot raise it again in a post-conviction relief petition made under § 2255. Even if no such issue had been raised in the Court of Appeals, any claim that a District Court erred in imposing a fine upon a defendant who did not have the ability to pay is not a claim cognizable under 28 U.S.C. § 2255. Knight v. United States, 37 F.3d 769 (1st Cir. 1994).

Further, the resources of a defendant is only one of many factors which the Court considers in imposing a fine. 18 U.S.C. § 3572. Even if Manjarres claimed that imprisonment had resulted in changed circumstances, such a claim is not a ground under § 2255 upon which to vacate the fine.

The Court of Appeals rejected the defendant's argument, and a post-conviction relief petition is not available to the defendant. The Court simply is without authority to act under § 2255.

Further, by statute, the authority to remit all or part of a fine, interest and penalties is assigned to the Attorney General. 18 U.S.C. § 3573.

For the foregoing reasons, Manjarres' request must be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U.S. Attorney
RI Bar No. 1680
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of February 2008, I served a copy of the within Government's Memorandum In Support Of Its Objection To Defendant's Letter Request To Waive Fine And Accrued Interest, by ordinary mail, postage prepaid, to: Pablo Manjarres, Pro Se, Reg. # 57858-198, FCI Safford, P.O. Box 9000, Safford, AZ 85548

/s/ Kenneth P. Madden

Kenneth P. Madden
Assistant U.S. Attorney
RI Bar No. 1680
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov