**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**<br>Plaintiff, | ) | |
| vs. | ) | **Cr. No. 00-049ML** |
| **PABLO MANJARRES**<br>Defendant, | ) | |

**DEFENDANT'S MOTION TO STRIKE ILLEGAL PORTION OF SENTENCE**

Comes now PABLO MANJARRES, in pro se requesting that this Honorable Court strike that portion of the sentence which is an illegal sentence, for the reasons stated in the accompanying memorandum.

**Respectfully submitted,**

**Pablo Alberto Riend Manjarrez**

**pro se**

PABLO MANJARRES
#57858-198
F.C.I.-SAFFORD
P.O. Box 9000
Safford, AZ 85548

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** Plaintiff, | ) | |
| **vs.** | ) | **Cr. No.: 00-049ML** |
| **PABLO MANJARRES** Defendant, | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE ILLEGAL PORTION OF SENTENCE**

**INTRODUCTION**

On February 7, 2001, Defendant Pablo Manjarres, was found guilty by jury of three drug trafficking counts under Title 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(vii) and Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii) and Title 18 U.S.C. § 2. He was subsequently sentenced on May 11, 2001, to 190 months imprisonment under category 1 level 32 plus a four level enhancement under the U.S.S.G. § 3B1.1(a) by a preponderance of the evidence standard, five years supervised release, a $20,000 fine, and $300 special assessment.

## ARGUMENT

### The Legal Remedy Of An Illegal Sentence Has Long Been Established By The Supreme Court And By The First Circuit Court Of Appeals.

In 1962, the United States Supreme Court set forth the definite parameters of what constitutes an **illegal sentence.**

> The punishment meted out was not in excess of that prescribed by the relevant statutes, multiple terms were not imposed for the same offense, nor were the terms of the sentence itself legally or constitutionally invalid in any other respect.

Hill v. United States, 368 U.S. 424, 7 L. Ed. 2d. 417, 422 (1962).

In the original Rule 35 of the Federal Rules of Criminal Procedure, the Notes of the Advisory Committee on July 1, 1966 amendments recognized, "the distinction between an **illegal sentence,** which may be corrected at any time, and a sentence imposed in illegal manner, ..." (Emphasis added).

Defendant, understands that, this not an attack against his conviction, but rather, against that portion of his sentence which is illegal. A sentence obtained in violation of any provision of the United States Constitution constitutes an **illegal sentence.** Even the original Rule 35 applied "to any

**'illegal sentence'** not to any illegal conviction, and thus by its terms the Rule protects only those rights which a defendant retains even if the judgment of guilt against him is proper. See Cook v. United States, (CA1 Mass) 171 F. 2d. 567." (Emphasis added). Id., at 423, n 2, 7 L. Ed. 2d. 417 (1962).

The Notes continue on to state, "But the addition of this subdivision is not intended to preclude a defendant from obtaining statutory relief from a **plainly illegal sentence.**" (Emphasis added). Id., Rules of Criminal Procedure U.S.C.S., Rule 35, Notes of Advisory Committee on December 1, 1991 amendment of Rule.

At least two of the prongs of what constitutes an **illegal sentence**, set forth in Hill, are clearly manifested in the Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d. 435 (2000) line of cases, which began with Jones v. united States, 526 U.S. 227, 143 L. Ed. 2d. 311 (1999). "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt..." **'[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed.'"** (Emphasis added). Apprendi, 147 L. Ed. 2d., at 455.

Defendant submits that the sentence he received with a four level enhancement under § 3B1.1(a), of the U.S.S.G., for facts established by the judge, by a preponderance of the evidence, falls clearly within the four corners of an illegal sentence, as defined by the Supreme Court above. The Court explicitly found:

> ...if in any case I think the four-level increase is appropriate, it is this one, because,... And so I believe that the probation officer correctly added the four levels under 3B1.1.

(See Sent. Trans. at 12). The Court also found that, "Mr. Riend, the leader of an organization..." Id., at 29. These facts were neither presented to the jury, nor established by the jury under the standard of beyond a reasonable doubt. As a result of this violation of his Sixth Amendment rights, defendant was sentenced to the low end of offense level 36 (190 months imprisonment), see Judgment at 7, rather than the low end of offense level 32, where his sentence should have been.

The claim set forth herein is not new, as expressed by the Supreme Court, "Our commitment to Apprendi in this context reflects not just **respect for longstanding precedent**, but the need to give intelligible content to the right of jury trial." (Emphasis added). Blakely v. Washington, 542 U.S. 296, 159 L. Ed. 2d. 403, 415 (2004). "Whether the judicially determined facts require a sentence enhancement or merely

allow it, the verdict alone does not authorize the sentence." Id., at 415, n 8. In United States v. Booker, 543 U.S. 220, 160 L. Ed. 2d. 621 (2005), the Sixth Amendment jury trial right was held to apply to the Federal Sentencing Guidelines.

The clearly defined principle in Blakely, and which Booker made applicable to the Federal Sentencing Guidelines, was recently clarified further,

> This Court has repeatedly held that, under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence.

(Emphasis added). Cunningham v. California, 549 U.S. --, 166 L. Ed. 2d. 856, 868 (2007).

It was further clarified by the Supreme Court that,

> "If no facts beyond those reflected in the jury's verdict were found by trial judge, a defendant could not receive a sentence above a 'standard range' of 49 to 53 months. Id., at 299-300, 124 S. Ct. 3531, 159 L. Ed. 2d. 403."

Id., at 869. This is the precise fact situation in this case. The facts established by the judge for a four level increase, by adopting the probation officer's recommendation which consequently led to a longer term of imprisonment, were facts not established by a jury, nor proven beyond a reasonable doubt --all in violation of the Federal Constitution's Due

Process Clause, and the notice and jury trial guarantees of the Sixth Amendment. As a matter of law the Court must now reverse , and otherwise set aside the illegal portion of defendant's sentence.

## CONCLUSION

As set forth above, the Court of Appeals is directly in line with the Supreme Court in holding that an illegal sentence may be attacked at any time. It is not subject to the limitations of a § 2255 motion, nor that of a § 2241 petition. The only restriction is that an illegal sentence fall squarely within the definitive parameters of the Supreme Court's decision in Hill, supra.

When faced with an unconstitutional statute/law, the Supreme Court's jurisprudence has been unambiguous. The Ninth Circuit's jurisprudence has been identically clear. "The Statute, if unconstitutional, **would be void** and the conviction a nullity **ab initio.** As the Court explained in Ex parte Siebold, 100 U.S. 371, 376-77, 25 L.Ed. 717 (1879):

> '[The constitutionality of the Statute] affects the foundation of the whole proceedings. An unconstitutional law is void, and is as no law. An offence created by it is not a crime. A conviction under it is not merely erroneous, but is **illegal and void**, and cannot be a legal cause of imprisonment.'"

(Emphasis added). At least as far back as 1879, the Supreme

Court spoke in prescient and unmistakable tones of Journigan.

> This distinction between an erroneous judgment and one that is **illegal or void** is well illustrated by the two cases of Ex parte Lange, (18 Wall. 163) and Ex parte Parks, 93 U.S. 18. In the former case, we held that the judgment, whether erroneous or not, was not void, because the court had jurisdiction of the cause; and we refused to interfere.

Ex parte Siebold, 100 U.S. 371, 25 L.Ed.2d. 717, 719 (1879). An illegal and void sentence or conviction constitutionally implicates the Court's jurisdictional power.

Finally, Defendant's claims herein are not intended to state that a sentencing judge is foreclosed from establishing **any and all** sentencing facts. There is one exception clearly recognized by the Supreme Court. "We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence **within a statutory range.** See Apprendi, 530 U.S. at 481, 147 L.Ed.2d. 435, 120 S.Ct. 2348; Williams v. New York, 337 U.S. 241, 246, 93 L.Ed.2d. 1337, 69 S.Ct. 1097 (1949)." (Emphasis added). Booker, 160 L.Ed.2d., at 643; see, also Cunningham, 166 L.Ed.2d., at 880. This exception, however, does not constitutionally accommodate what happened in the sentencing herein. The sentencing was "outside" of the statutory range--the prohibited target of Apprendi and its progeny.

For the foregoing reasons, Defendant requests that, this Honorable Court reverse the sentence, and strike that portion of the sentence (the four level enhancement under 3B1.1 of the U.S.S.G.), which constitutes an illegal sentence, and resentence according to the low end of the Guidelines of level 32.

Dated: March 24, 2008.

**Respectfully submitted,**

**Pablo Alberto Riend Manjarrez**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I have served an accurate copy of the attached **DEFENDANT'S MOTION TO STRIKE ILLEGAL PORTION OF SENTENCE; DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE ILLEGAL PORTION OF SENTENCE; MOTION FOR APPOINTMENT OF COUNSEL; FINANCIAL AFFIDAVIT.**

upon the following party (ies):

**Clerk of Court**
**U.S. District Court Rhode Island**
**Federal Bldg., 2 Exchange Terrace PL.**
**Providence, Rhode Island 02903**

**Mr. Robert Clark Corrente,**
**United States Attorney**
**Fleet Center**
**50 Kennedy Plaza, 8th Floor**
**Providence, Rhode Island 02903**

postage prepaid, by placing same in the Bureau of Prisons' mailing system, on the date set forth below.

DATED: **March 24**, **2008**.
Safford, Arizona

**Pablo Alberto Riend Manjarrez**