UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PABLO MANJARRES          :
                         :
vs.                      :          CR No. 00-049-ML
                         :
UNITED STATES OF AMERICA :

**MEMORANDUM AND ORDER**

Mary M. Lisi, United States District Judge

Before the Court is Pablo Manjarres' letter motion to reduce the fine imposed as part of his criminal sentence. After review of the record and papers filed in support of the motion, that motion is denied for the reasons that follow.

## FACTS AND BACKGROUND

Manjarres, along with two co-defendants, was charged in a five-count indictment with conspiracy to distribute, and possession with intent to distribute, more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 846(a)(1), and § 841(a)(1) and (b)(1)(A), and two counts of possession with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 846(a)(1) and (b)(1)(B); and 18 U.S.C. § 2.

Federal Defender Edward C. Roy, Jr. was appointed to represent Manjarres. Prior to trial, Manjarres sought to have Attorney Roy discharged and to represent himself. After hearing, during which Manjarres was repeatedly advised of the risks of defending himself, the Court granted his motion. Manjarres agreed that Attorney Roy would serve as stand-by counsel. (See Transcript of Hearing conducted on November 13, 2000 ["11/13/00 Tr."] at 2-11.) After a five-day trial, a jury

found Manjarres guilty on all charges.[1]

At the sentencing hearing, Manjarres continued to represent himself, with Attorney Roy serving as stand-by counsel. Attorney Roy presented several objections to the pretrial services report ("PSR"), and Manjarres presented additional *pro se* objections, all of which were rejected.[2] (See Transcript of Sentencing Hearing conducted on May 11, 2001 ["Sent. Tr."] at 6-21.)  The PSR specifically noted that Manjarres had declined to be interviewed for the PSR and had provided no information concerning his financial ability to satisfy any court-imposed financial obligations. (See PSR at ¶ 38.)

After considering arguments in reviewing the presentence report, this Court sentenced Manjarres to 190 months imprisonment on each of the three counts of conviction, to be served concurrently, followed by five years of supervised release. (Id. at 28-29.)  In addition, after finding that Manjarres had the intelligence and business ability to work and earn the funds necessary to pay a fine upon his release and that he had failed to demonstrate an inability to pay any fine in this case, this Court imposed a fine of $20,000, together with a mandatory assessment of $300. (Id. at 29-30.)

Manjarres appealed, represented by different counsel. On appeal he specifically challenged the validity of the fine. The Court of Appeals rejected all contentions and affirmed the conviction and sentence. See United States v. Manjarres, 306 F.3d 1175 (1st Cir. 2002).  Regarding his challenge to the fine, the Court of Appeals noted that Manjarres did not object to the fine at

---

[1] The two codefendants, Richard Albanese and Jason Brady, were convicted of related offenses -- Albanese after separate trial and plea, and Brady pursuant to a plea of guilty.

[2] Manjarres' *pro se* objections echoed the same objections he had made throughout his criminal proceeding, purporting to invoke 'natural law' and to claim that he was appearing both as a natural person and a corporate creditor and that the Court did not have jurisdiction over him. (See e.g. Sent. Tr. at 4, 25-26.)

sentencing and upheld this Court's finding that he failed to meet his "burden of proving both a current and future inability to pay the fine." Id. at 1181 (citing United States v. Rowe, 268 F.3d 34, 38 (1st Cir. 2001)). Manjarres did not take any further appeal.

Nearly five years later, Manjarres filed the instant letter motion, seeking a reduction or elimination of his fine on the basis of his present inability to satisfy the obligation. The Government has filed an opposition to Manjarres' letter motion as well as a response to Manjarres' further submissions in support of his motion, and this matter is ready for decision.

Because the question raised by Manjarres' motion does not involve any disputed facts, no hearing is necessary. See Valentin v. Hospital Bella Vista, 254 F.3d 358, 364 (1st Cir. 2001) (evidentiary hearing not necessary where parties have otherwise presented relevant facts and arguments).

## DISCUSSION

In his motion, Manjarres seeks a reduction or remission of his fine because he is currently indigent and is unable to pay; and that with interest accruing, his fine will continue to grow such that he has no hope of paying it. He further contends that the existence of his outstanding unpaid fine precludes his transfer to a Mexican prison under the International Prisoner Transfer Treaty.

The short answer to Manjarres' motion is that this Court cannot rule on his request. The pertinent statute, 18 U.S.C. § 3573, provides the mechanism for modifying or remitting a fine imposed as part of a criminal sentence. Pursuant to § 3573, only the Government may petition to remit or reduce a fine imposed as part of a criminal sentence. See, e.g., United States v. Linker, 920 F.2d 1, 2 (7th Cir.1990); United States v. Gonzalez, 248 F.3d 1128 (1st Cir. 2000) (Table) (district court lacked jurisdiction to act on defendant's postconviction request to remit fine); United States

v. Schilling, 808 F.Supp. 1214, 1219 (E.D.Pa..1992) (despite probation office's recommendation that $25,000 fine be remitted to $2,500, "under current § 3573 defendants do not have the right to petition the courts to remit their criminal fines"); United States v. Heimbach, 808 F.Supp. 413 (E.D.Pa.1992) (same). Likewise, Fed.R.Crim.P. 35 does not provide a vehicle for Manjarres to seek the reduction of his fine. Manjarres, 306 F.3d 1181. Thus, Manjarres may not maintain the instant motion.[3]

Even accepting, without deciding, Manjarres' assertion that under the International Prisoner Transfer Treaty he is ineligible to be transferred to Mexico due to his unpaid fine, that fact does not aid his claim, nor does it bestow jurisdiction on this Court to grant relief.

Moreover, even if this Court could entertain Manjarres' motion, it is futile. As the Court has noted, "the defendant bears the burden of proving both current and future inability to pay the fine." Manjarres, 306 F.3d at 1181 (citing United States v. Rowe, 268 F.3d 34, 38 (1st Cir. 2001). See USSG § 5E1.2(a)(a court "shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine."). Here, Manjarres failed to make any presentation at sentencing concerning ability to pay a fine, Manjarres, 306 F.3d at 1181, and he makes no showing here concerning his future inability to pay. The fact that Manjarres has received a temporary exemption from the Inmate Financial Responsibility Program does not aid him. This Court imposed Manjarres' fine based on his potential ability to earn funds upon his release from prison, not on his earning ability while incarcerated. See Sent. Tr. at 29-30.[4]

---

[3] Although the Government seeks to characterize Manjarres' motion as one under 28 U.S.C. §2255, Manjarres states that his motion is not brought pursuant to § 2255, and this Court does not so characterize it. In any event, § 2255 would not be an appropriate vehicle for the relief Manjarres seeks. See Gonzalez, 248 F.3d 1128, *1 and cases cited.

[4] According to his papers, Manjarres, prior to his exemption, had been making periodic payments of $25 towards his fine, totaling approximately $625 to date. These payments do not affect the Court's ruling herein.

The Court has reviewed Manjarres' other arguments and finds them to be without merit.

## CONCLUSION

In view of the foregoing considerations, the instant motion is hereby DENIED and dismissed.

So Ordered:

_____
Mary M. Lisi
United States District Judge

March 28, 2008