IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 00-049ML |
| | ) | |
| PABLO MANJARRES | ) | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTIONS TO STRIKE ILLEGAL PORTION OF SENTENCE AND FOR APPOINTMENT OF COUNSEL**

Comes now the United States of America, by and through its Attorneys, Robert Clark Corrente, United States Attorney, and Kenneth P. Madden, Assistant United States Attorney, and objects to defendant's motions to Strike Illegal Portion Of Sentence and For Appointment of Counsel for those reasons stated in the accompanying memorandum.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U.S. Attorney
RI Bar No. 1680
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of April 2008, I served a copy of the within Government's Objection To Defendant’s Motions To Strike Illegal Portion Of Sentence And For Appointment Of Counsel, by ordinary mail, postage prepaid, to:

Pablo Manjarres
Pro Se
Reg. # 57858-198
FCI Safford
P.O. Box 9000
Safford, AZ 85548

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U.S. Attorney
RI Bar No. 1680
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 00-049ML |
| | ) | |
| PABLO MANJARRES | ) | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTIONS TO STRIKE ILLEGAL PORTION OF SENTENCE AND FOR APPOINTMENT OF COUNSEL**

Introduction

Following a trial by jury, Pablo Manjarres, a/k/a Paul Riend (Defendant or Manjarres), acting pro se with standby counsel contrary to the strong recommendation of this Court, was convicted of three drug trafficking counts: conspiracy to distribute and possess with intent to distribute in excess of 1000 kilograms of marijuana in violation of 21 U.S.C. § 846 (Count I); and possessing with intent to distribute in excess of 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Counts II and III). A presentence report (PSR) was prepared. In the PSR, the Probation Officer recommended that the Defendant receive a four-level increase under U.S.S.G. § 3B1.1(a) for role in the offense. The Probation Officer also recommended that the Defendant be held responsible for 2,976.57 kilograms of marijuana. With a Total Offense Level of 36 and a Criminal History Category I, the Defendant's guidelines range was set at 188-235 months. On May 11, 2001, the Court sentenced the Defendant to 190 months imprisonment, five years supervised release, and a fine of $20,300.

The Judgment was affirmed by the First Circuit Court of Appeals on October 11, 2002. United States v. Manjarrez, 306 F.3d 1175 (1st Cir. 2002). In his appeal, Manjarres raised three issues, none of which concerned the guidelines adjustment for role in the offense. Manjarres did not file a petition for a writ of certiorari to the United States Supreme Court. Petitions for post-conviction relief have been limited to requests to vacate the fine.

Citing to Rule 35 of the Federal Rules of Criminal Procedure, Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker, 125 S.Ct. 738 (2005), Manjarres argues that that portion of his sentence based upon an increase for role in the offense is illegal as the issue of his role was never submitted to the jury or proven beyond a reasonable doubt. For those reason which follows, his motions should be denied.

Argument

The government is unaware of any procedural vehicle which would allow the Court to grant Manjarres the relief he seeks, and it contends that this Court is without jurisdiction to act.

The version of Rule 35(a) of the Federal Rules of Criminal Procedure in effect at the time the conspiracy operated and when the indictment against Manjarres was returned allowed the Court to correct a sentence only where it was determined on appeal that the sentence had been imposed in violation of law. No such finding was made by the Court of Appeals in this case.

Further, the present Rule 35 and sections 3582(b) and (c) of Title 18, United States Code, permit the Court to correct or modify a term of imprisonment only under limited circumstances. A sentence may be corrected pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure or 18 U.S.C. § 3742; it may be modified for substantial assistance pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure; it may be modified pursuant to a remand by the Court of

Appeals under 18 U.S.C. § 3742; it may be modified upon motion by the Director of the Bureau of Prisons where certain statutory conditions have been satisfied; and it may be modified where the Sentencing Commission has subsequently lowered the sentencing range originally applicable to the defendant and where such reduction has been made retroactive. None of these circumstances exist in the Defendant's case.

Further, a Court may also have authority to modify a sentence pursuant to 28 U.S.C. § 2255. That section states, in part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
> (1) the date upon which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

The one-year period of limitation bars Manjarres from relief. His appeal was denied on October 11, 2002. The Court of Appeals issued the Mandate on November 4, 2002. Though Manjarres did not seek the issuance of a writ of certiorari, his one-year period commenced on February 2, 2003. It expired on February 2, 2004. The one-year period has long since expired, and Manjarres does not allege any facts which might fall within one or more of the three remaining exceptions. Further, Manjarres does not even explain why he did not raise the so-called Apprendi issue on appeal to the First Circuit. Knight v. United States, 37 F.3d 769 (1st Cir. 1994).

Further, the holding of Booker derives from the holdings in Blakely v. Washington, 124 S.Ct. 2531 (2004) and Apprendi . The holdings of Blakely and Apprendi were new constitutional rules of criminal procedure. Under Teague v. Lane, 489 U.S. 288 (1989), they are not retroactively applicable to cases that became final before those decisions were announced. See Schriro v. Summerlin, 124 S. Ct. 2519, 2524-26 (2004) (Teague bars retroactive application of Apprendi-based death penalty decision of Supreme Court in Ring v. Arizona, 536 U.S. 584 (2002)); Sepulveda v. United States, 330 F.3d 55, 59-63 (1st Cir. 2003) (Apprendi is not retroactively applicable under Teague); Orchard v. United States, 332 F. Supp.2d 275, 277 (D. Me. 2004) (holding that Blakely is not retroactively applicable under Teague and collecting cases on point); United States v. Stancell, 346 F. Supp.2d 204 (D.D.C. 2004). Manjarres' conviction was final before both Blakely and Booker were decided. Booker is itself a new constitutional rule of criminal procedure, and like Blakely and Apprendi, should not be applied retroactively. See Varela v. United States, 400 F.3d 864 (11th Cir. 2005) (Booker does not apply retroactively to cases on collateral review); United States v. McReynolds, 397 F.3d 479 (7th Cir. 2005) (Booker does not apply to criminal cases that became final before January 12, 2005). See also Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005) (citing to Second, Sixth, Seventh, Tenth and Eleventh Circuit opinions holding that Booker does not apply retroactively).

Booker and Apprendi are not retroactive to the Defendant. The Court lacks jurisdiction to act on his request. Lacking jurisdiction, there is no need to appoint counsel. The motions should be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U.S. Attorney
RI Bar No. 1680
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of April 2008, I served a copy of the within Government's Memorandum In Support Of Its Objection To Defendant's Motions To Strike Illegal Portion Of Sentence And For Appointment Of Counsel, by ordinary mail, postage prepaid, to:

Pablo Manjarres
Pro Se
Reg. # 57858-198
FCI Safford
P.O. Box 9000
Safford, AZ 85548

/s/ Kenneth P. Madden
Kenneth P. Madden
Assistant U.S. Attorney
RI Bar No. 1680
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
kenneth.madden@usdoj.gov