Pablo Manjarrez
#57858-198; Saguaro
FCI Safford
P.O. Box 9000
Safford, AZ 85548

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| vs. | ) | CR. No. 00-049ML |
| PABLO MANJARREZ, Defendant. | ) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION**

I.

**PRELIMINARY STATEMENT**

Prior to the Sentencing Reform Act ("SRA"), which became effective on November 1, 1987, Rule 35 of the Federal Rules of Criminal Procedure ("F.R.Crim.Pro.") was entitled "Correction or Reduction of Sentence." The rule's subsection (a) was entitled "Correction of Sentence," and stated:

> The Court may correct an **illegal sentence** at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

(Emphasis added). The rule's subsection (b) was entitled "Reduction of Sentence," and provided 120 days "after the sentence is imposed or probation is revoked..." in which a motion for reduction could be made. See, Federal Criminal Code and Rules 2007 Edition ("2007 Crim. Code"), Rule 35.

The SRA then retitled the rule to read "Correcting or Reducing a Sentence," and amended subsection (a) to read, "Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error," separating out sentencing errors which can be corrected from illegal sentences which cannot be corrected. The Government committed fatal error, when it failed to make this distinction. Defendant's claim involves the law which the SRA deleted from Rule 35; whereas, the Government addressed what was **not deleted** from Rule 35---the difference

between apples and oranges. The Government wholly misconstrued the law on illegal sentence, and defendant's claim.

## II.

## LEGAL ARGUMENT

### A. Procedural Vehicle

The Government states on page 2 of its Memorandum that it "is unaware of any procedural vehicle which would allow the Court to grant Manjarres the relief he seeks, and it contends that this Court is without jurisdiction to act." Strangely, this is the precise position of defendant with respect to the sentencing enhancement facts found by the Court, by a preponderance of the evidence. The very reason for the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny, was prompted by the very illegality of what the Government is still insisting on arguing now.

Notwithstanding the foregoing, the Government's left-handed response is unpersuasive and unacceptable, in its uncertainty. Rather than arguing that there is **no** procedural vehicle, as it would affirmatively argue without hesitation had that been the case, the Government says that it "is unaware of any procedural vehicle." (Emphasis added). The plain and simple fact is that the law is clear and unambiguous. The Government well knows that an illegal sentence is subject to attack at any time.

The basis for the procedural vehicle is obviously the Constitution in the first instance, and the Supreme Court's jurisprudence on illegal sentences led by Hill v. United States, 368 U.S. 424 (1962) in the second instance. The procedural vehicle is what defendant filed in the instant case---a simple motion in the original case, because an illegal sentence implicates the jurisdiction and authoritative

power of the Court.

Consequently, the Government's first opposing argument is disingenuous, and baseless.

**B. The Government's Second Opposing Argument Is Disingenuous, And Without Merit**

The Government's second argument regarding the present Rule 35 and sections 3582(b) and (c) of Title 18, on page 2 of its Memorandum, has nothing to do whatsoever with defendant's claim. The Government discusses the present Rule 35, which is the post-SRA Rule 35. Defendant Pablo's claim arises out of the pre-SRA Rule 35, and the continuing law on illegal sentences. The Government is conspicuously silent on the continuing law on illegal sentences, and omits this portion of defendant's claim from its discussion in opposition. The Government's silence must be deemed, ipso facto, an admission against its interest. Again, if the Government could have opposed the status of the continuing law on illegal

sentences, it would have, but it did not.

Rule 35, and its Advisory Notes, speak for themselves. The relevant portion of the 1991 Amendments in the Advisory Notes state:

> The title of subsection (b) has been amended to reflect that **there is a difference between correcting an illegal or improper sentence**, as in subsection (a), and reducing an otherwise legal sentence for special reasons under subsection (b).

(Emphasis added). After the SRA, effective as of November 1, 1987, Rule 35 no longer addressed "illegal sentences," but only correctible sentences resulting "from arithmetical, technical, or other clear error," and reduction of sentence resulting from "substantial assistance" to the Government.

Consequently, the Government's second opposing argument is also disingenuous, and without merit, since defendant's claim has nothing to do with the present, post-SRA Rule 35.

### C. The Government's Third Opposing Argument Addressing 28 U.S.C. § 2255 Clearly Manifests The Government's Total Confusion, And Misconstruction Of Defendant's Claim

The Government's third opposing argument is really not an opposing argument, because it does not present an opposition to defendant Pablo's claim of illegal sentence. It appears that the Government is attempting to first offer defendant Pablo a "procedural vehicle," and then simultaneously argue that it is "procedurally barred"---a popular argument for the Government. However, its third argument is irrevelant and immaterial, because it wholly misconstrues defendant's claim, once again. It was never defendant Pablo's intent to present a § 2255 motion to the Court. He is well aware of the separate characteristics of both motions. And, in this regard, the Government is correct. A § 2255 motion is without a doubt inappropriate for the instant claim.

### D. A Motion To Strike An Illegal Sentence Has No Procedural Bars

There can be no procedural bars to a motion to strike an illegal sentence, for the same reason that there

can be no procedural bars to a claim of the Court's lack of jurisdiction. Lack of jurisdiction is a fundamental constitutional violation which divests the Court of any power to take any action. A claim of an illegal sentence is tantamount to a claim of lack of jurisdiction. There are only three definitions of what constitutes an illegal sentence, i.e. 1) "[t]he punishment meted out was not in excess of that prescribed by the relevant statutes;" 2) "multiple terms were not imposed for the same offense;" and 3) "the terms of the sentence itself legally or constitutionally invalid..." Hill, 368 U.S. 424, 7 L.Ed.2d at 422. (See, also the Supreme Court's discussion of the effect of § 2255 vis-a-vis "a motion to correct an illegal sentence," in Hill.)

Indeed, there is a procedural and substantive bar to the validity of any procedural bar which the Government decides to raise. If the Government could in fact raise a

valid "procedural bar" to the instant claim, then the law would be legalizing illegal conduct. Since this could never be the "law," there can never be a bona fide bar to a bona fide claim of illegal sentence, as here.

**D. The Government's Booker Argument Is Wholly Without Merit, And Misconstrues The Applicable Law**

To begin its misconstruction, the Government begins its argument on page 4 of its Memorandum, by arguing that, "the holding of Booker derives from the holdings in Blakely v. Washington, 124 S.Ct. 2531 (2004) and Apprendi." The Government's argument is simply not true. The Government apparently failed to read Booker properly, or carefully. Notwithstanding the Government's arguments and position, they cannot supersede or outweigh the Supreme Court's own words.

> It has been settled throughout our history that the Constitution protects every criminal defendant 'against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.' In re Winship, 397 US 358, 364, 25 L.Ed.2d 368,

> 90 S.Ct. 1068 (1970). It is equally clear that the 'Constitution gives a criminal defendant the right to demand that a jury find him guilty of all the elements of the crime with which he is charged.' United States v. Gaudin, 515 US 506, 511, 132 L.Ed. 2d 444, 115 S Ct 2310 (1995). These basic concepts, firmly rooted in the common law, **have provided the basis for recent decisions** interpreting modern criminal statutes and sentencing procedures.

Booker, 160 L.Ed.2d at 641. (Emphasis added). Based upon the Supreme Court's prefacing words, above, it is not true that Booker "derives from the holdings in Blakely v. Washington...and Apprendi," as the Government argues.

If the foregoing is insufficient to convince the Court that the Government's argument is simply not true, the Supreme Court made it even clearer in Booker, 160 L.Ed.2d at 642.

> In Ring v. Arizona, 536 US 584, 153 L. Ed.2d 556, 122 S. Ct. 2428 (2002), we reaffirmed our conclusion that the characterization of critical facts is constitutionally irrelevant. There, we **held that it was impermissible for 'the trial judge, sitting alone' to determine the presence or absence of the aggravating factors required by Arizona law for imposition of the death penalty.** Id., ...(citation omitted). 'If a State makes an increase in a defendant's authorized punishment contingent on the finding

> of a fact, **that fact---no matter how the State labels it---must be found by a jury beyond a reasonable doubt.'**

(Emphasis added). Ring was decided in 2002. If anything, Booker was derived from Ring, rather than Blakely and Apprendi, as the Government argues. However, even using Ring as a derivation source would be a misconstruction of the law.

Once again, the Government's argument is disingenuous, and wholly without merit. In truth, Booker is derived from the Constitution's founding guarantees and protections. There is nothing new about Booker, save and except that Booker explicitly made the holdings of Apprendi and Blakely applicable to the Federal Sentencing Guidelines.

## III.

## CONCLUSION

Under the definitions of what constitutes an illegal sentence established in Hill, the four-level enhancements

here, fall in the 1st and 3rd definitions of an illegal sentence, i.e. the punishment meted out was "in excess of that prescribed by the relevant statutes," and "the terms of the sentence itself (four-level enhancements)" were legally or constitutionally invalid." Hill, 7 L.Ed.2d at 422. Cunningham, supra, makes it eminently clear that even if the sentencing Court found the enhancement facts using the beyond a reasonable doubt standard, it would still violate defendant Pablo's Sixth Amendment rights. Cunningham commands that such enhancement facts "must be found by a jury," and not a judge.

The foregoing is to be distinguished from the legal and constitutional authority of a sentencing judge to establish sentence enhancement facts which are properly within his discretion. Not subject to debate is the discretionary authority to establish sentence enhancement facts **within a**

**a properly calculated guideline range**; but, not outside of it. This was the case here. The record is clear that the Court merely accepted the findings of the Probation Officer's findings and calculations, with respect to the enhancements.

Finally, the remedy to "correct" an illegal sentence has been thoroughly discussed in defendant Pablo's motion. An illegal sentence is void, ab initio. Ex parte Siebold, 100 U.S. 371, 376-77 (1879). Although Siebold dealt with a conviction under an unconstitutional law, thereby rendering it illegal and void, an illegal sentence must be treated in pari materia with an illegal conviction. There is no substantive or procedural difference between the two. An illegal sentence is as "illegal" as an illegal conviction, and is just as void.

The only remedy which can be applied to an illegal sentence is complete reversal. Accordingly, defendant Pablo

respectfully requests that the Court grant his motion to strike, and resentence him accordingly.

DATED: April 28, 2008.
Safford, Arizona.

Respectfully submitted,

Pablo Manjarres
Defendant, Pro Se
JC/mk

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I have served an accurate copy of the attached Defendant's Response To Government's Memorandum In Support Of Its Objection

upon the following party (ies):

Clerk of Court
U.S. District Court
Federal Bldg., 2 Exchange Terrace Pl.
Providence, R.I. 02903

Robert Clark Corrente - AUSA
Office of the U.S. Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, R.I. 02903

postage prepaid, by placing same in the Bureau of Prisons' mailing system, on the date set forth below.

DATED: April 29, 2008.
Safford, Arizona

Pablo Alberto Riend Manjarrez