Pablo Manjarres
#57858-198; Saguaro
FCI Safford
P.O. Box 9000
Safford, AC 85548

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| vs. | ) | CR. No. 00-049ML |
| PABLO MANJARRES, Defendant. | ) | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Pablo Manjarres ("Pablo"), defendant/movant herein, and respectfully moves the above-entitled Court for Summary Judgment in his favor, and against Plaintiff, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure ("FRCP"), the arguments presented herein, and the record on file.

Respectfully submitted,

Pablo Manjarres aka Pablo Riend Manjarrez
JC/rnk

# MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

## I. PRELIMINARY STATEMENT OF FACTS

Defendant/movant Pablo filed his Motion To Strike Illegal Portion Of Sentence, by mail, on March 24, 2008. Subsequently, in April sometime, defendant Pablo received plaintiff's Memorandum In Support Of Its Objection ("Memo. In Obj."). Under the "Mailbox Rule," defendant then filed and served his timely Response on April 29, 2008.

Defendant's Response was thorough and detailed, covering every aspect of Plaintiff's objections. It is upon his Response, juxtaposed over Plaintiff's objections, that the instant motion is based.

## II. DISCUSSION

FRCP 56(c) states in relevant portion:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

(Emphasis added). As addressed, and made clear in defendant's Response, plaintiff's Opposition turned out to be in essence no Opposition, despite its title. In the words of Rule 56(c), plaintiff's Opposition proved to be, in fact, "no genuine issue as to any material fact."

The Plaintiff's first argument was no argument. Instead of arguing that there is **no** procedural vehicle for defendant's claim, it argued that it "is unaware of any any procedural vehicle." (See p. 4, Deft.'s Resp.). Defendant responded that the motion is a proper vehicle based upon the Constitution in the first instance. A simple motion in defendant's original case is all that is required.

Plaintiff's second argument had nothing to do with defendant's claim. (See pp. 5 & 6, Deft.'s Resp.).

Plaintiff's third argument similarly had nothing to do with plaintiff's claim of illegal sentence. Plaintiff tried

to convert defendant's motion, **in this original case,** into a 28 U.S.C. § 2255 Motion, without the Castro v. United States, 540 U.S. 375, 157 L.Ed.2d 778 (2003) warnings **required** by the Supreme Court, and with absolutely no authorization from this Court, strictly on the illegal and presumptuous authority of its own office. (See Plt.'s Memo. In Obj., at 3). Simply put, Plaintiff's third argument has nothing to do with defendant's claim. (See, also Deft.'s Resp. at 7).

A comparison of Plaintiff's Booker argument [United States v. Booker, 125 S.Ct. 738 (2005)] on page 4 of its Memo. In Obj., with defendant's Response on pages 9-11 quickly dispels the credibility and integrity of Plaintiff's arguments. Rather than being repetitive, defendant defers to the Court's sound logic, and judgment on the comparison.

The upshot of Plaintiff's entire Objection is that it ends up being de facto and de jure silent against defendant's

claim of illegal sentence. This is fatal to the Plaintiff's position, and wholly supportive of defendant Pablo's claim.

"'Silence is often evidence of the most persuasive character.'" Baxter v. Palmigiano, 47 L.Ed.2d 810, 822 (1975). The Supreme Court spoke with even greater clarity in United States v. Hale, 45 L.Ed.2d 99, 104-105 (1975).

> Silence gains more probative weight where it persists in the face of accusation, since it is assumed in such circumstances that the accused would be more likely than not to dispute an untrue accusation. Failure to contest an assertion, however, **is considered evidence of acquiescence** only if it would have been natural under the circumstances to object to the assertion in question.

Without a doubt, the Plaintiff's failure to contest defendant's claim of illegal sentence, by its silence, is clear "evidence of acquiescence" by the government. It is not only "natural" under the circumstances for the government to object to defendant's claim of illegal sentence, but it is imperative for the government to do so, **if it could do so,** since defendant's claim flies in the face of the government's

prosecution of defendant for alleged **illegal** activities.

The government's "acquiescence" by silence to defendant's claim of illegal sentence, is a just and fitting end to the application of the doctrine of in pari delicto to the facts of this case. The government cannot benefit or profit from its own criminal conduct. Its silence, in lacking its denial of defendant's claim, speaks loudly and clearly in support of defendant's claim. Pursuant to Rule 56(c), defendant/movant Pablo is now entitled to judgment in his favor, as a matter of law.

## III. CONCLUSION

At the government's behest, the Court sentenced defendant Pablo to 190 months of imprisonment, under Criminal History Category I, at Offense Level 36, which included a four-level enhancement under U.S.S.G. § 3B1.1 for a leadership role. This is the basis for the instant claim. Subtracting the

four-level, illegal enhancement from Offense Level 36 results in Offense Level 32, which in turn yields a sentencing range of 121 to 151 months.

Inasmuch as defendant Pablo was originally sentenced to 2 months above the original low range, and since no other facts relative thereto have changed, defendant Pablo is now entitled to be resentenced at **no more than** 121 plus 2 months, or 123 months under Offense Level 32.

The four-level enhancement falls squarely within Booker's prohibition expoused by Justice Breyer, at the very outset of his portion of the decision. Answering the first question addressed in Booker, Justice Breyer stated the question as follows: "'Whether the Sixth Amendment is violated by the imposition of an enhanced sentence... based on the sentencing judge's determination of a fact...that was not found by a jury or admitted by the defendant,'" 160 L.Ed.2d at 650.

Justice Breyer's answer was as follows:

> The Court, in an opinion by Justice Stevens, answers this question in the affirmative. Applying its decisions in Apprendi v. New Jersey..., and Blakely v. Washington..., to the Federal Sentencing Guidelines, the Court holds that, in the circumstances mentioned, **the Sixth Amendment requires juries, not judges, to find facts relevant to sentencing.**

Id. (Emphasis added).

The four-level enhancement falls within the essence of illegality, not via the retroactivity of Booker, as misconstrued by the government (see Memo. In Obj. at 4), but via the perpetual retroactivity of the **Sixth Amendment**, as it was always intended by the Founders, and merely reiterated by the Supreme Court in Apprendi, and its progeny. Under the edict of Hill v. United States, 368 U.S. 424 (1962), "the terms of the sentence itself were legally or constitutionally invalid," i.e. illegal.

Finally, and in addition to the foregoing, at re-sentencing, defendant Pablo will be entitled to present evidence

and make additional argument in support of further reductions.

> Without the 'mandatory' provision, the Act nonetheless **requires** judges to take account of the Guidelines together with other sentencing goals. See 18 USC § 3553(a) [18 USCS § 3553(a)]

Booker, 160 L.Ed.2d at 660. (Emphasis added).

Defendant was arrested on May 5, 2000, and has been continuously incarcerated since that date. Reducing his sentence by the illegal portion, and even a slight reduction under his § 3553(a) entitlements, places defendant in the category of "time served." Defendant Pablo is now entitled to summary judgment, as a matter of law, there being no genuine issue as to any material fact, and such other and further relief as this Court shall deem just and reasonable.

DATED: May 28, 2008.
Safford, Arizona.

Respectfully submitted,

Pablo Manjarres
Defendant, Pro Se
JC/mk

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I have served an accurate copy of the attached Defendant's Motion For Summary Judgment

upon the following party (ies):

Kenneth P. Madden - AUSA
Office of the U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

Office of the Clerk
United States District Court
Federal Building
2 Exchange Terrace Pl.
Providence, RI 02903

postage prepaid, by placing same in the Bureau of Prisons' mailing system, on the date set forth below.

DATED: May 29, 2008.
Safford, Arizona

Pablo Manjarres
JC/mk