**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, | ) | |
| **vs.** | ) | **Cr. No. 00-049ML** |
| **PABLO MANJARRES,** Defendant. | ) | |

**DEFENDANT'S REPLY TO GOVERNMENT'S OBJECTION**

## I. DISCUSSION

FRCP 56(c) states in relevant portion:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

(Emphasis added). As addressed, and made clear in defendant's motion for summary judgment, there is no issue as to any material fact. The government in its opposition/objection has raised no issue of material facts, genuine or otherwise as required by the above Rule. Since the government was unable to argue against the first requirement of Rule 56(c), it may not argue any further. Since the government cannot even comply with the first requirement, then it cannot meet the second requirement.

## II. DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW.

Despite the fact that the government makes an objection to the Court's jurisdiction, it appears to use only the strength of its office as authority. Nowhere in its opposition/objection does the government cite any other authority to support its objection.

As has been stated repeatedly by Defendant Pablo, the government totally misconstrues defendant's claim which is that of an illegal sentence.

The authorities relied by defendant are as follows:

1. Hill v. United States, 368 U.S. 424, 7 L.Ed.2d. 417 (1962).
2. Ex Parte Siebold, 100 U.S. 371, 25 L.Ed. 717 (1879).
3. Ring v. Arizona, 536 U.S. 584, 153 L.Ed.2d. 556 (2002).
4. In Re Winship, 397 U.S. 358, 25 L.Ed.2d. 368 (1970).
5. Apprendi v. New Jersey, 530 U.S. 466, 147 L.Ed.2d. 435 (2000).
6. United States v. Gaudin, 515 U.S. 506, 132 L.Ed.2d. 444 (1995).
7. Blakely v. Washington, 542 U.S. 296, 159 L.Ed.2d. 403 (2004).
8. United States v. Booker, 543 U.S. 220, 160 L.Ed.2d. 621 (2005).
9. Cunningham v. California, 549 U.S. --, 166 L.Ed.2d. 856 (2007).
10. Cook v. united States, 171 F.2d. 567 (1st Cir. 1948).
11. United States v. Bynoe, 562 F.2d. 126 (1st Cir. 1977).
12. United States v. Becker, 536 F.2d. 471 (1st Cir. 1976).
13. United States v. Ames, 743 F.2d. 46 (1st Cir. 1984).
14. Federal Rules of Civil Procedure 56(c).
15. United States Sentencing Guidelines.
16. The Fifth and Sixth Amendments of the United States Constitution.

## III. CONCLUSION

The government in its position rgarding the Court's lack of jurisdiction to act on defendant's claim, is without merit. As repeatedly stated by defendant, "this is the precise position of defendant with respect to the sentencing enhancement facts found by the Court, by a preponderance of the evidence". The very reason for the Supreme Court's decision in Apprendi, and its progeny, was prompted by the very illegality of what the government is still insisting on arguing now.

Lack of jurisdiction is a fundamental constitutional violation which divests the Court of any power to take action. A claim of an illegal sentence is tantamount to a claim of lack of jurisdiction. The government in its position regarding the Court's lack of jurisdiction to act, seems to advocate legalizing illegal conduct. Since this could never be the "law", the Court can never lack jurisdiction to act **at any time** regarding an illegal sentence.

For the reasons stated above, Defendant repectfully requests summary judgment be granted.

Respectfully submitted,

Date: June 27, 2008.

Pablo Alberto Riend Manjarrez

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I have served an accurate copy of the attached Defendant's Reply to Government's Objection.

upon the following party (ies):

Kenneth P. Madden - AUSA
Office of the U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

Office of the Clerk
United States District Court
Federal Building
2 Exchange Terrace Place
Providence, Rhode Island 02903

postage prepaid, by placing same in the Bureau of Prisons' mailing system, on the date set forth below.

DATED: June 27, 2008.
Safford, Arizona

Pablo Alberto Riend Manjarrez