## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

PABLO MANJARRES    :
           :
vs.         :    CR No.  00-049-ML
           :
UNITED STATES OF AMERICA :


### MEMORANDUM AND ORDER

Mary M. Lisi, Chief United States District Judge

  Before the Court is Pablo Manjarres' Motion to Strike Illegal Portion of Sentence (motion to strike).   After review of the record and papers filed for and against the motion, that motion is denied for the reasons that follow.

### FACTS AND BACKGROUND

  Manjarres, along with two co-defendants, was charged in a five-count indictment with conspiracy to distribute, and possession with intent to distribute, more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and § 846, and two counts of possession with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and 18 U.S.C. § 2.  These offenses were committed between 1993 and 1998.

  Manjarres represented himself at trial, with his appointed counsel Attorney Edward C. Roy serving as stand-by counsel.  After a five-day trial, a jury found Manjarres guilty on all charges.[1]

  The Presentence Report (PSR) calculated a guideline range of 188-235 months, based on an

---

[1]   The two codefendants, Richard Albanese and Jason Brady, were convicted of related offenses in separate proceedings.

offense level of 36 and a criminal history category I. Manjarres' offense level included a four-level adjustment for his role as a leader or organizer of the criminal enterprise. (See PSR at ¶ 16.) Without the four-level increase in offense level, his Guideline range would have been 121-151 months.

At the sentencing hearing, Manjarres continued to represent himself, with Attorney Roy continuing as stand-by counsel. Attorney Roy presented several objections to the PSR, including an objection to the four-level enhancement for his role in the offense. After argument, this Court denied those objections. Manjarres presented additional *pro se* objections, all of which were rejected.[2] (See Transcript of Sentencing Hearing conducted on May 11, 2001 ["Sent. Tr."] at 6-21.) After hearing argument and reviewing the PSR, this Court sentenced Manjarres to 190 months imprisonment on each of the three counts of conviction, to be served concurrently, followed by five years of supervised release. (Id. at 28-29.) In addition, this Court imposed a fine of $20,000, together with a mandatory assessment of $300. (Id. at 29-30.)

Manjarres appealed, represented by different counsel. On appeal he challenged *inter alia* the validity of the fine but did not otherwise challenge his sentence or its underlying calculation. The Court of Appeals affirmed the conviction and sentence. See United States v. Manjarres, 306 F.3d 1175 (1st Cir. 2002). Manjarres did not seek further review, and his conviction became final on or about January 11, 2003. Thereafter, in August 2007 Manjarres filed a letter motion to reduce the fine imposed as part of his criminal sentence. That motion was denied by Order of this Court entered on

---

[2] Manjarres' *pro se* objections echoed the same objections he had made throughout his criminal proceeding, purporting to invoke 'natural law' and to claim that he was appearing both as a natural person and as 'a corporate creditor' and that the Court did not have jurisdiction over him. (See e.g. Sent. Tr. at 4, 25-26.)

March 28, 2008.

In March 2008, more than five years after his conviction became final, Manjarres filed the instant motion to strike pursuant to Fed. Crim. P. 35. In his motion Manjarres challenges the four-point enhancement used in the calculation of his sentence, contending that to the extent his sentence is based on this enhancement, it is illegal under <u>United States v. Booker</u>, 543 U.S. 220 (2005). The Government has filed an opposition to Manjarres' motion, to which Manjarres filed a reply.[3] Because the question raised by Manjarres' motion does not involve any disputed facts, no hearing is necessary, <u>see</u> <u>Valentin v. Hospital Bella Vista</u>, 254 F.3d 358, 364 (1st Cir. 2001) (evidentiary hearing not necessary where parties have otherwise presented relevant facts and arguments), and this matter is ready for decision.[4]

## DISCUSSION

Manjarres essentially claims that to the extent his sentence is based on the four-point enhancement imposed due to his role as a leader or organizer in the offense, pursuant to USSG §3B 1.1, it is excessive and illegal. He challenges only that portion of his sentence which is based upon this enhancement. He bases his challenge on Rule 35 of the Federal Rules of Criminal Procedure,

---

[3]   Manjarres has also filed a purported motion for summary judgment pursuant to Fed. R. Civ. P. 56, to which the Government has objected. Because such a motion is not available in this postconviction proceeding, and because the motion in any event does not raise any new points, this Court will not further discuss it in this Memorandum and Order.

[4]   Manjarres also filed a motion for the appointment of counsel. (Doc. #183) That motion is denied. In view of the disposition of the motion to strike, this Court finds that the interests of justice do not require the appointment of counsel in this proceeding, particularly where there is no need for an evidentiary hearing. <u>See</u> 28 U.S.C. §3006A(a)(2)(A) (representation may be provided if a "court determines that the interests of justice so require"). <u>See also</u> <u>Ellis v. United States</u>, 313 F.3d 636, 652-653 and n.10 (1st Cir. 2002) (no constitutional right to counsel in postconviction proceedings; appointment of counsel in such proceedings is discretionary with reviewing court). As noted above, all of the pertinent facts and claims are before this Court, and the Court is familiar with the underlying criminal case on which those claims are based.

which he contends supplies authority for a sentence to be corrected at any time to the extent it is illegal.

As a threshold matter, the procedural vehicle used by Manjarres to raise his claim is flawed. There is simply no authority for this Court to "correct" Manjarres' sentence -- pursuant to Rule 35 or otherwise.  As it existed at the time of Manjarres' sentencing in 2001, Rule 35 permitted a court to correct a sentence in three circumstances: (1) upon remand from, and as directed by, a court of appeals, in accordance with 18 U.S.C. § 3147, Rule 35(a); (2) upon the Government's motion made within one year of sentencing (or later in certain circumstances), where a defendant has been shown to have provided substantial assistance to law enforcement, Rule 35(b); and (3) where a sentence "was imposed as a result of an arithmetical, technical or other clear error." See Rule 35.[5]  Because none of these instances applies here, Rule 35 affords no basis for Manjarres' claim.  See Ellis v. United States, 527 F.3d 203, 206 (1st Cir. 2008) (under present Rule 35 a defendant is no longer allowed to make motions to reduce sentence; only the Government may do so).

---

[5]   As it appeared in 2001, Rule 35 provided in pertinent part as follows:

(a) **Correction of a Sentence on Remand.** The court shall correct a sentence that is determined on appeal under 18 U.S.C. 3742 to have been imposed in violation of law, to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be unreasonable, upon remand of the case to the court --

    (1) for imposition of a sentence in accord with the findings of the court of appeals; or
    (2) for further sentencing proceedings if, after such proceedings, the court determines that the original sentence was incorrect.

(b) **Reduction of Sentence for Substantial Assistance.**  If the Government so moves within one year after the sentence is imposed, the court may reduce a sentence to reflect a defendant's subsequent substantial assistance in investigating or prosecuting another person, in accordance with the guidelines and policy statements issued by the Sentencing Commission under 28 U.S.C. § 994. The court may consider a government motion to reduce a sentence made one year or more after the sentence is imposed if the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after sentence is imposed. In evaluating whether substantial assistance has been rendered, the court may consider the defendant's pre-sentence assistance. In applying this subdivision, the court may reduce the sentence to a level below that established by statute as a minimum sentence.

(c) **Correction of Sentence by Sentencing Court.**  The court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error.

The present Fed. R. Crim. P. 35 does not contain any remand provision but is otherwise substantively similar, although not identical, to the 2001 version.  Manjarres does not rely on the present Rule 35.

Manjarres attempts to rely upon the version of Rule 35 as it existed prior to September 1, 1987, the effective date of the Sentencing Reform Act of 1984 (SRA). He contends that this version, which provides in pertinent part that a "court may correct an illegal sentence at any time," provides current authority for this Court to grant him the relief he seeks. This argument borders on the frivolous. While the pre-SRA version of Rule 35 did afford defendants a vehicle for seeking relief from an illegal sentence, the SRA substantially amended that Rule and sharply restricted its availability as a basis for such relief. See e.g. United States v. Jordan, 915 F.2d 622, 624 and n. 3 (11th Cir. 1990); United States v. Lussier, 104 F.3d 32, 37 (2d Cir. 1997) (noting that Congress "explicitly foreclosed [the Rule 35(a)] route for obtaining judicial review of an allegedly illegal sentence") (citing Jordan, 915 F.2d at 627-28). See also Ellis, 527 F.3d at 206 (describing post-SRA changes to Rule 35 and noting that discretion of district courts to modify sentence under rule 35 "has been severely restricted" and that a "defendant is no longer allowed to make motions under rule 35(b); only the Government is empowered to do so"). Manjarres cites no authority, nor is this Court aware of any, that permits the application of an earlier version of Rule 35 over the version otherwise applicable at the time of his sentence.[6]

While a challenge to a sentence of the type Manjarres raises here might normally be raised by a motion to modify or vacate sentence under 28 U.S.C. § 2255, this remedy is unavailable to him for two reasons. First, Manjarres denies that his motion is brought pursuant to this statute. (See

---

[6]  For the same reason, Manjarres' reliance on Hill v. United States, 368 U.S. 424 (1962), is likewise unavailing. In Hill, the Supreme Court held that a motion to vacate sentence under §2255 was not an appropriate method for a defendant to raise a claim that he was not afforded an opportunity at sentencing to make a statement on his own behalf, as required by Fed. R. Crim. P. 32(a). Id. at 426. The court further noted that Hill's § 2255 motion could have been considered as a motion to correct an illegal sentence under the Fed. R. Crim. P. 35, as it then existed, but that Rule did not extend to claims of error in proceedings leading up to the imposition of the sentence. Id. at 430. As such, Hill provides no support to Manjarres' claim here.

Manjarres' Response to Government's Objection at 7.) Second, even if it were so characterized, his motion unquestionably would be untimely under § 2255's one-year limitations period, see § 2255(f), given that Manjarres' conviction and sentence became final in January 2003, more than five years prior to the filing of the instant motion.

As the Government points out, no other statutory authority supplies this Court with jurisdiction to reduce Manjarres' sentence, based on his challenge to its imposition.

Finally, even if this Court could consider Manjarres's motion, it is meritless. The four-point enhancement under USSG §2B1.1 was clearly warranted in light of Manjarres' substantial role in arranging for the interstate transportation and delivery of substantial amounts of marijuana on numerous occasions. Moreover, Manjarres did not challenge this enhancement, as he could have, on direct appeal and thus is now procedurally barred from raising it in a postconviction proceeding absent a showing of cause and prejudice or actual innocence, none of which he has shown here. See Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted). Even apart from this procedural hurdle, Manjarres' Booker claim fails because (1) Booker does not retroactively apply to Manjarres' conviction, which had become final well before that decision, see Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir.2005) and cases cited, and (2) Manjarres' sentence, even with the four-level enhancement, was well within the otherwise applicable statutory maximum penalties (life or 40 years imprisonment, respectively) for his offenses, see 18 U.S.C. § 841(b)(1)(A) and (b)(1)(B) and § 846.

Because this Court is without jurisdiction to hear Manjarres' claim and because the claim is without merit in any event, the instant motion to strike must be denied. This Court has reviewed Manjarres' other arguments and finds them to be without merit.

-6-

## CONCLUSION

In view of the foregoing considerations, the instant motion is hereby DENIED and dismissed.

As noted supra, note. 4, Manjarres' motion to appoint counsel (Doc. #183) is likewise DENIED.


So Ordered:


_Mary M. Lisi_
Mary M. Lisi
Chief United States District Judge

November 14, 2008

-7-