## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

PABLO MANJARRES　　　　　　:
　　　　　　　　　　　　　　:
vs.　　　　　　　　　　　　　:　　　　　　CR No.  00-049-ML
　　　　　　　　　　　　　　:
UNITED STATES OF AMERICA　:


### MEMORANDUM AND ORDER

Mary M. Lisi, Chief United States District Judge

Before the Court is a Petition for Writ of Audita Querela (Doc. # 198) filed by Pablo Manjarres (a/k/a Paul Riend) in the above matter.  For the reasons set forth below, that petition is denied.


### FACTS AND BACKGROUND

Manjarres, along with two co-defendants, was charged in a five-count indictment with conspiracy to distribute, and possession with intent to distribute, more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and § 846, and two counts of possession with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and 18 U.S.C. § 2.  These offenses were committed between 1993 and 1998.  After a five-day trial, at which Manjarres represented himself while his appointed counsel served as stand-by counsel, a jury found Manjarres guilty on all charges against him.

The Presentence Report (PSR) calculated Manjarres' guideline range to be 188 - 235 months, based on an offense level of 36 and a criminal history category Level I.  The offense level included a four-level adjustment for his role as a leader or organizer of the criminal enterprise. (See PSR, ¶16.)  At sentencing, this Court denied Manjarres' objections to the PSR,  including his counsel's objection to the four-level leadership enhancement, and sentenced Manjarres to 190 months imprisonment on each of his three counts of conviction, to be served concurrently, followed by five

years of supervised release. (See Transcript of Sentencing Proceedings conducted on May 11, 2001 ["Sent. Tr."] at 6-15, 28-29.)  In addition, this Court imposed a fine of $20,000, together with a mandatory assessment of $300. (Id. at 29-30.)[1]

Manjarres appealed, represented by different counsel.  On appeal he challenged *inter alia* the validity of the fine but did not otherwise challenge his sentence or its underlying calculation.  The Court of Appeals affirmed the conviction and sentence.  See United States v. Manjarres, 306 F.3d 1175 (1st Cir. 2002).  Manjarres did not seek further review, and his conviction became final on or about January 11, 2003.

Thereafter, Manjarres filed various motions for postconviction relief in this Court.[2]  In August 2007 he filed a letter motion to reduce the fine imposed as part of his criminal sentence. That motion was denied by Order of this Court entered on March 28, 2008 (Doc. # 185).  In March 2008, Manjarres filed a Motion to Strike Illegal Portion of Sentence, challenging the four-point leadership enhancement used in calculating his sentence, which he contended was illegal under United States v. Booker, 543 U.S. 220 (2005), and was subject to correction under Fed. R. Civ. P. 35. This Court denied this motion to strike. See Memorandum and Order dated November 14, 2008 (Doc. #192) ("11/14/08 Mem. & Order").  The Court found that Rule 35 was not an appropriate vehicle for the relief Manjarres sought, that relief under §2255 was unavailable, and that the four-point enhancement was correctly applied in any event. Id. at 4-6.

Manjarres then filed the instant Petition for Writ of Audita Querela, which in essence challenges the same four-point sentencing adjustment he previously challenged, and asserts that he is entitled to relief under this writ.  The Government has opposed the petition, and Manjarres has

---

[1]   The two codefendants, Richard Albanese and Jason Brady, were convicted of related offenses in separate proceedings and received sentences of 121 months and 84 months, respectively.

[2]   Manjarres' motion for the appointment of counsel to assist him in filing postconviction motions was denied without prejudice in August 2003.  See Memorandum and Order dated August 28, 2003 (Doc. # 174.)

filed a reply.  This matter is ready for decision.[3]

DISCUSSION

A.     Re-Characterization of Motion

In his petition Manjarres claims that the facts underlying the four-point enhancement imposed, pursuant to USSG §3B1.1, for his role as a leader or organizer in the offense should have been found by a jury rather than by the sentencing judge and that to the extent his sentence is based on that enhancement, it is excessive and illegal.  As such, his claim is more properly asserted in a motion to vacate under 28 U.S.C. § 2255,[4] rather than in a petition for writ of audita querela under §1651.  See Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008) (noting that courts regularly re-characterize as §2255 motions petitions which seek relief from sentence but are captioned as something else).  The First Circuit reasoned in Trenkler that: "when a statute – like section 2255 – specifically addresses a particular class of claims or issues, it is that statute, not the All Writs Act, that takes precedence." Id.  To that end, courts must scrutinize "imaginatively captioned petitions" to determine whether they are §2255 motions in disguise. Id.  See also United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) ("[A] writ of audita querela may not be granted when relief is cognizable under § 2255.")

---

[3]     Because the question raised by Manjarres' motion does not involve any disputed facts, no hearing is necessary on the instant motion. See Valentin v. Hospital Bella Vista, 254 F.3d 358, 364 (1st Cir. 2001) (evidentiary hearing not necessary where parties have otherwise presented relevant facts and arguments).

[4]     Section 2255 allows a federal prisoner to seek post-conviction relief where:
        "[his or her] sentence was imposed in violation of the Constitution or laws of the United States, . . .  the court was without jurisdiction to impose such sentence, . . . [or] the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."
28 U.S.C. § 2255(a).

If so re-characterized, Manjarres' motion clearly would be untimely. A motion for §2255 relief must be brought within one year after the prisoner's conviction becomes final, subject to limited exceptions. See 28 U.S.C. § 2255(f).[5] These exceptions do not alter the one-year limitations period -- they merely change the starting date of the one-year clock. Here, the record shows that Manjarres' conviction became final in January 2003, and thus the time to file any § 2255 motion expired in January 2004. The instant petition was filed in March 2009, more than five years beyond the expiration of the one-year limitation period. Thus, as a §2255 motion, it is subject to dismissal as untimely filed under §2255(f)(1).[6]

Manjarres contends, however, that his claim is not that his four-point sentencing enhancement was unauthorized when applied at sentencing but rather that the enhancement subsequently became unauthorized as a result of the Supreme Court's decision in United States v.

---

[5]   Section 2255(f) provides:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --

   (1) the date on which the judgment of conviction becomes final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;   or
   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[6]   This Court is aware that ordinarily, a prisoner is entitled to notice and an opportunity to be heard when a court is inclined to re-characterize an otherwise-labeled filing as a §2255 motion. See Castro v. United States, 540 U.S. 375 (2003). Here, however, such notice is unnecessary for several reasons:  (1) Manjarres' petition, as re-characterized, is clearly untimely, see United States v. Martin, 357 F.3d 1199, 1200 (10th Cir. 2004) (district court's failure to give notice of re-characterization under Castro deemed harmless error, where motion, so re-characterized, was clearly untimely); (2) Manjarres was on notice of the Government's contention that his motion, so recharacterized, was untimely, but he did not attempt to rebut this in his Reply; (3) Manjarres was already aware that his petition could so re-characterized, and indeed, he concedes that he does not have a remedy under §2255 (see Pet. Mem. at 2-4); (4) his substantive claim has in any event been previously raised in his motion to strike and rejected by this Court, see 11/14/08 Mem. & Order at 4-6;  and (5) as discussed infra, even if not re-characterized, the petition does not warrant audita querela relief.

Booker, 543 U.S. 220 (2005).[7] (Reply at 1-2.) In essence, Manjarres claims that his four-point

sentencing enhancement was rendered unconstitutional under Booker because his leadership role was

not determined by a jury, and thus he qualifies for relief from this enhancement under audita querela.

However, this is nothing more than a claim for retroactive relief under Booker from his otherwise

final sentence -- a claim more properly made under §2255 rather than under a writ of audit querela.

Such retroactive relief under Booker has been squarely foreclosed in collateral proceedings in this

circuit. See e.g. Cirilo-Munoz, 404 F.3d at 533 (Booker does not apply to sentences that were final

when that case was decided, citing decisions from other circuits); United States v. Fraser, 407 F.3d

9, 11 (1st Cir. 2005) (same).[8] Thus, this argument fails.

Manjarres further argues that because he does not have any other remedy, audita querela must

apply. (Pet. Mem. at 1-3.) However, the fact that he is ineligible to receive relief under §2255 does

not render that remedy "inadequate or ineffective" under §2255(e)'s savings clause, so as to allow

him to seek a writ of audita querela. See Trenkler, 536 F.3d at 98-99 (mere inability to satisfy

gatekeeping requirements of §2255 did not afford petitioner access to that provision's savings clause

so as to permit him to seek writ of coram nobis). Moreover, Manjarres admits that he had previously

considered filing a §2255 motion to vacate raising a "pre-Blakely" issue but decided against doing

so after consulting with his appellate counsel. (Pet. Aff. at 1-2.)

Thus, if Manjarres' petition is re-characterized as a §2255 motion to vacate, it is clearly

untimely and must be dismissed.

---

[7]  Manjarres also cites Blakely v. Washington, 542 U.S. 296 (2004), in his argument, but Blakely claims are now "viewed through the lens of" Booker, Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005), and Blakely need not be further discussed herein.

[8]  This conclusion effectively disposes of Manjarres' contention (Reply at 3-4) that the retroactivity analysis under Teague v. Lane, 489 U.S. 288 (1989), does not apply to his claim.

B.     Entitlement to Audita Querela Relief

Even if Manjarres' petition is not re-characterized as a §2255 motion, he is still not entitled to relief.

The writ of audita querela is encompassed under the All Writs Act, 28 U.S.C. §1651. It has been described as "'a common law writ constituting the initial process in an action brought by a judgment defendant to obtain relief against the consequences of the judgment on account of some matter of defense or discharge arising since its rendition and which could not be taken advantage of otherwise.' " United States v. Holder, 936 F.2d 1 (1st Cir. 1991) (quoting Black's Law Dictionary 120 (5th ed. 1979)). In Holder the Court of Appeals noted that:

> "if available at all [in criminal proceedings], the writ of audita querela can only be available where there is a *legal objection* to a conviction, *which has arisen subsequent to that conviction*, and *which is not redressable pursuant to another post-conviction remedy*."

Id. at 5 (1st Cir.1991) (emphasis added). See also Trenkler v. United States, 536 F.3d 85, 90, n. 2 (1st Cir. 2008) (noting that audita querela challenges enforcement of a judgment while coram nobis attacks the judgment itself).

While the precise requirements for a writ of audita querela are unclear, one court has concluded that they would be at least as stringent as those identified for a writ of error coram nobis and thus require a showing (1) of "a valid reason why the 'petitioner did not earlier seek relief from the judgment,'" (2) that the petitioner continues to suffer "significant collateral consequences from the judgment," and (3)"that an error of 'the most fundamental character,' relevant to the [judgment], occurred." United States v. Iacaboni, 592 F.Supp.2d 216, 220-21 (D.Mass.2009)(citing Hager v. United States, 993 F.2d 4, 5 (1st Cir.1993), in turn quoting United States v. Morgan, 346 U.S. 502, 512 (1954)).

-6-

Here, even assuming that Manjarres could clear the first two hurdles, he cannot satisfy the third.   This Court has already found that Manjarres' challenge to his four-point leadership enhancement was both procedurally barred and meritless:

> . . . [E]ven if this Court could consider Manjarres's motion, it is meritless. The four-point enhancement under USSG §2B 1.1 was clearly warranted in light of Manjarres' substantial role in arranging for the interstate transportation and delivery of substantial amounts of marijuana on numerous occasions. Moreover, Manjarres did not challenge this enhancement, as he could have, on direct appeal and thus is now procedurally barred from raising it in a postconviction proceeding absent a showing of cause and prejudice or actual innocence, none of which he has shown here. See Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted). Even apart from this procedural hurdle, Manjarres' Booker claim fails because (1) Booker does not retroactively apply to Manjarres' conviction, which had become final well before that decision, see Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir.2005) and cases cited, and (2)  Manjarres' sentence, even with the four-level enhancement, was well within the otherwise applicable statutory maximum penalties (life or 40 years imprisonment, respectively) for his offenses, see 18 U.S.C. § 841(b)(1)(A) and (b)(1)(B) and § 846.

11/14/80 Mem. & Order

In short, as noted above, Manjarres' claim is foreclosed because relief under Booker is not collaterally available to him and because there was no Booker error in his sentence.  Thus, there is no "legal objection to [his sentence] which has arisen subsequent to that [sentence]," Holder, 936 F.2d at 5 -- much less "an error of the most fundamental character," Morgan, 346 U.S. at 512 -- and thus a writ of audita querela is not available.[9]

Manjarres cites Kessack v. United States, 2008 WL 189679 (W.D. Wash. Jan. 18, 2008) as support for his position.  In that case Kessack and six other defendants were convicted in 1990 of

---

[9]   Contrary to his contention that the law of the case doctrine should not apply, this Court has no hesitation in following its earlier decision rejecting Manjarres' substantive claim challenging his four-point sentencing enhancement.  Moreover, this determination likewise disposes of Manjarres' claim (Reply at 2) that he is also entitled to relief under a writ of coram nobis.

multiple offenses; Kessack was sentenced to a 30-year term of imprisonment.   After each of his surviving co-defendants received postconviction sentence reductions, Kessack's sentence was at least 20 years longer than that of any co-defendant. Id. at *1.  The district court found that in view of the "extreme disparity" in Kesslar's sentence, which was "grossly disproportionate to the offense," id. at *5, a writ of audita querela would issue because "there was no other remedy available to [him] . . . to remedy a grave injustice." Id. at *4.  The court declined to construe Kessack's petition as a §2255 motion and found that under United States v. Morgan, 346 U.S. 502 (1954), Kessack was entitled to relief because: (1) "[he] had sound reasons for failing to seek earlier relief under 28 U.S.C. § 2255, primarily the fact that Booker announced a new rule of constitutional law in 2005," (2) "truly extraordinary circumstances and equities [were] presented that distinguished Kesslar from other defendants sentenced prior to Booker," and (3) "re-sentencing Kessack under the now-advisory Federal Sentencing Guidelines [was] necessary to achieve fundamental justice." Id. at *5.  Finally, the court found that Ninth Circuit precedent did not "foreclose the retroactive application of Booker to Mr. Kessack's writ of audita querela." Id. at *6.

This Court does not find the Kessack decision to be persuasive precedent for several reasons. First, its holding that the unavailability of §2255 relief justifies proceeding under the All Writs Act, 28 U.S.C. §1651, is contrary to the law of this circuit, noted supra at p. 6,  that the fact that a petitioner is ineligible to receive relief under §2255 does not render that remedy "inadequate or ineffective" under  §2255(e)'s savings clause, so as to allow alternative relief under the All Writs Act. See Trenkler, 536 F.3d at 98-99.  Also contrary to the holding in Kessack, it is well established in this circuit that Booker is not retroactive to cases on collateral review. See e.g., Cirilo-Munoz, 404 F.3d at 533.

Second, the instant case is factually dissimilar from Kesslar. The comparative sentence disparity in Kessack was much greater than the disparity here between Manjarres' sentence and those of his codefendants.[10]  Moreover, Manjarres' sentence was near the low end of the applicable guideline range and was not "grossly disproportionate" to his offense. Most significantly, Manjarres' sentence was well within the statutory maximum penalties (life or 40 years imprisonment, respectively) for his offenses. See 18 U.S.C. § 841(b)(1)(A) and (b)(1)(B) and § 846. In addition, Manjarres has shown no unique equities that would merit relief. The facts that he requested his appellate counsel to raise a Booker-type issue and that Booker had not been decided at the time he considered filing a §2255 motion do not constitute equitable circumstances justifying such relief.

Finally, this Court notes that the Kessack decision has not been followed by any of the courts that have subsequently considered it, including a decision in the same federal district,[11] and it appears to be inconsistent with Ninth Circuit law holding that a writ of audita querela is not available for a claim that otherwise falls within the scope of §2255 relief. See Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007) ("A writ of audita querela is not an available remedy where the claims raised would be cognizable in a §2255 habeas petition.") (citations and footnote omitted). In short, Kessack does not assist Manjarres' claim.

_____

[10]  As set forth in that decision, Kessack's sentence of 360 months was nearly three times as long as the reduced sentences of his co-defendants. Here, by contrast, Manjarres' sentence (190 months) was only 57% higher than that of his nearest co-defendant (Albanese - 121 months), and none of the co-defendants' sentences have been reduced.

[11]  See, e.g., United States v. Loveless, No. 4:95CR3054, 2010 WL 489534 (D.Neb. Feb. 8, 2010); Smith v. United States, No. 4:95CR19-05JLH, 2009 WL 3003938 (E.D.Ark. Sept. 15, 2009); Neuhausser v. United States, No. 1:98-CR-48, 2009 WL 2883742 (S.D.Ohio Sept. 2, 2009); Luna v. United States, No. CV F 95-5036 AWI, 2009 WL 2351716 (E.D.Cal. July 29, 2009); Gamboa v. United States, No. CR93-2090(JET)FDB, 2009 WL 1175315, at *1 (W.D. Wash. April 29, 2009).

This Court has considered all of Manjarres' other arguments and finds them to be without merit.

## CONCLUSION

In view of the foregoing considerations, Manjarres' petition for writ of audita querela is hereby DENIED and DISMISSED.

## RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States District Courts ("§ 2255 Rules"), this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability (COA), because Manjarres has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. §2253(c)(2).

Manjarres is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See § 2255 Rule 11(a).

So Ordered:

Mary M. Lisi
Chief United States District Judge

April 13, 2010